**KOLLER LAW LLC**
David M. Koller, Esq. (90119)
Jordan D. Santo, Esq. (320573)
2043 Locust Street, Suite 1B
Philadelphia, PA 19103
T: (215) 545-8917
F: (215) 575-0826
davidk@kollerlawfirm.com
jordans@kollerlawfirm.com

*Counsel for Plaintiff*

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **CHARLENE JOHN,** | : | **Civil Action No.** |
| **Plaintiff,** | : | |
| | : | |
| **v.** | : | **Complaint and Jury Demand** |
| | : | |
| **W.W. GRAINGER, INC.,** | : | |
| **Defendant.** | : | |

**CIVIL ACTION**

Plaintiff, Charlene John (hereinafter "Plaintiff"), by and through her attorney, Koller Law, LLC, bring this civil matter against W.W. Grainger, Inc. (hereinafter "Defendant"), for violations of the Americans with Disabilities Act of 1990 ("ADA"), as amended and the Pennsylvania Human Relations Act ("PHRA"). In support thereof, Plaintiff avers as follows:

**THE PARTIES**

1. Plaintiff incorporates the preceding paragraphs as if set forth more fully at length herein.
2. Plaintiff is an adult individual residing in Darby, PA.
3. Upon information and belief, W.W. Grainger, Inc. is an industrial supplies and equipment provider with a location at 1530 Delmar Drive, Folcroft, PA 19032 and corporate headquarters located at 100 Grainger Parkway, Lake Forest, IL 60045.
4. At all times relevant hereto, Defendant employed managers, supervisors, agents, and

employees who Plaintiff alleges had the authority to make decisions concerning Plaintiff's employment. In making said decisions, these individuals engaged in the pattern and practice of discriminatory treatment, which forms the basis of Plaintiff's allegations in the instant Complaint.

5. At all times relevant hereto, Defendant employed managers, supervisors, agents, and employees who acted directly or indirectly in the interest of the employer. In so acting, these individuals engaged in the pattern and practice of discriminatory treatment, which forms the basis of Plaintiff's allegations in the instant Complaint.

## JURISDICTION AND VENUE

6. Plaintiff incorporates the preceding paragraphs as if set forth more fully at length herein.

7. The Court may properly maintain personal jurisdiction over Defendant because the Defendant's contacts with this state and this judicial district are sufficient for the exercise of jurisdiction and comply with traditional notions of fair play and substantial justice, thus satisfying the standard set forth by the United States Supreme Court in International Shoe Co. v. Washington, 326 U.S. 310 (1945) and its progeny.

8. The Court may exercise original subject-matter jurisdiction over the instant action pursuant to 28 U.S.C. §§ 1331 and 1343(a)(4) because it arises under the laws of the United States and seeks redress for violations of federal law.

9. The Court may also maintain supplemental jurisdiction over state law claims set forth herein pursuant to 28 U.S.C. § 1367(a) and Rule 18(a) of the Federal Rules of Civil Procedure because they are sufficiently related to one or more claims within the Court's original jurisdiction that they form part of the same case or controversy.

10. Venue is properly laid in the Eastern District of Pennsylvania pursuant to 28 U.S.C. §§

1391(b)(1) and 1391(b)(2) because the Plaintiff is domiciled in this judicial district, the Defendant is located in this judicial district and because all of the acts and/or omissions giving rise to the claims set forth herein occurred in this judicial district.

## EXHAUSTION OF ADMINISTRATIVE REMEDIES

11. Plaintiff incorporates the preceding paragraphs as if set forth more fully at length herein.
12. Plaintiff exhausted her administrative remedies under the ADA and the PHRA.
13. Plaintiff timely filed a Charge of Discrimination ("Charge") with the U.S. Equal Employment Opportunity Commission ("EEOC") alleging disability discrimination against Defendant.
14. The Charge was assigned a Charge Number of 530-2025-01233 and was dual filed with the Pennsylvania Human Relations Commission ("PHRC").
15. The EEOC issued Plaintiff a Dismissal and Notice of Rights ("Right to Sue") relative to the Charge and that Notice is dated July 10, 2026. Plaintiff received the notice by electronic mail.
16. Prior to the filing of this action, Plaintiff notified the EEOC of her intent to proceed with a lawsuit in federal court.
17. Plaintiff files the instant Complaint within ninety (90) days of her receipt of her Right to Sue in this matter, as it relates to her federal law claims, and within two (2) years of the issuance of the Right to Sue in this matter as it relates to her PHRA claims.
18. Plaintiff has exhausted her administrative remedies as to the allegations of this Complaint.

## MATERIAL FACTS

### PLAINTIFF IS CONSIDERED DISABLED AND INFORMED DEFENDANT OF IT DURING THE HIRING PROCESS

19. Plaintiff incorporates the preceding paragraphs as if set forth more fully at length herein.

20. Plaintiff is a "qualified individual with a disability" as that term is defined under the ADA because Plaintiff has, or had at all time relevant hereto, a disability that substantially limits or limited one or more major life activities, including lifting, or because Plaintiff had a record of such an impairment or because Plaintiff was regarded as and/or perceived by Defendant and its agents as being disabled.

21. During her interview with Defendant, Plaintiff notified Chris Orsatti, Hiring Manager/Plaintiff's Direct Manager, that she had just had back surgery at Delaware Memorial Hospital from a prior workplace injury.

22. Plaintiff expressed that she was nervous about lifting and pushing anything over fifty 50 (50) pounds.

23. Orsatti told Plaintiff not to worry about it and that she could simply ask for help if she needed it, or words to that effect.

**DEFENDANT HIRED PLAINTIFF**

24. In or around June 2024, Defendant hired Plaintiff in the position of Branch Sales Associate.

25. Plaintiff was well qualified for her position and performed well.

**PLAINTIFF REQUESTED A REASONABLE ACCOMMODATION**

26. In or around mid-August 2024, Plaintiff asked Orsatti if she could get a back brace to protect her back.

27. Plaintiff's Chiropractor told Plaintiff that a back brace would help her perform her job duties with more ease, without pain or discomfort.

28. Orsatti told Plaintiff that she could get a back brace if she went through the proper procedures to request a reasonable medical accommodation.

29. Plaintiff followed Orsatti's directions.

30. Plaintiff had Dr. Justin Charney, Chiropractor, fill out all of the proper accommodation paperwork and submit it to Absent One, Defendant's third-party accommodation provider.

**DEFENDANT DENIED PLAINTIFF'S REASONABLE ACCOMMODATION REQUEST**

31. However, in or around September 2024, Orsatti notified Plaintiff that Absent One denied her reasonable medical accommodation request for a back brace.

32. Orsatti did not provide a reason for this denial.

**ORSATTI GAVE PLAINTIFF AN ULTIMATUM TO EITHER GO OUT ON A MEDICAL LEAVE OF ABSENCE OR RESIGN**

33. On or about September 5, 2024, Orsatti called Plaintiff into his office.

34. Orsatti gave Plaintiff an ultimatum.

35. Orsatti stated that Plaintiff could go out on a forced medical leave of absence or resign from her position at Defendant.

36. Orsatti stated that if Plaintiff went out on a medical leave, she could look for other positions within Defendant but there would be no guarantee Defendant would hire Plaintiff into a new position.

37. Orsatti stated there were no positions within Defendant that would allow for a medical accommodation at the time.

**PLAINTIFF WENT OUT ON A MEDICAL LEAVE OF ABSENCE AS A RESULT OF THE ULTIMATUM**

38. In or around early September 2024, as a result of the ultimatum, Plaintiff was forced to fill out medical leave paperwork through Sedgwick, Defendant's third-party leave provider, in order to keep her job at Defendant.

39. Defendant did not update Plaintiff regarding the status of her leave request.

40. Orsatti did not contact Plaintiff during this time.

**PLAINTIFF'S LEAVE OF ABSENCE WAS COVERED BY SHORT-TERM DISABILITY**

41. Finally, on or about September 12, 2024, Sedgwick notified Plaintiff that her leave had been approved.

42. Plaintiff immediately went out on short-term disability ("STD") leave.

**PLAINTIFF REMAINED ON A MEDICAL LEAVE OF ABSENCE AFTER DEFENDANT DENIED HER SECOND REASONABLE ACCOMODATION REQUEST**

43. In or around the end of November 2024, Dr. Charney submitted a letter to Absent One that Plaintiff was able to return to work with the reasonable accommodation of a back brace.

44. However, on or about December 2, 2024, Absent One denied Plaintiff's reasonable accommodation request and stated that Plaintiff would only be allowed to return to work without the use of a back brace.

45. Plaintiff remained out on medical leave as her use of a back brace was medically necessary.

46. Defendant continued to force Plaintiff to stay out of work on leave as it claimed there were no current positions available at Defendant that would allow for a reasonable accommodation.

**DEFENDANT TERMINATED PLAINTIFF**

47. Neither Orsatti, nor anyone else at Defendant, contacted Plaintiff after this.

48. Defendant effectively terminated Plaintiff.

49. Defendant discriminated against Plaintiff and denied her a reasonable accommodation in violation of the ADA and the PHRA.

50. Defendant's acts and/or omissions were willful or performed with reckless disregard to Plaintiff's federal statutorily protected rights.

**COUNT I – DISABILITY DISCRIMINATION**
**AMERICANS WITH DISABILITIES ACT OF 1990, AS AMENDED**

51. Plaintiff incorporates the preceding paragraphs as if set forth more fully at length herein.
52. Plaintiff is a "qualified individual with a disability" as that term is defined under the ADA because Plaintiff has, or had at all time relevant hereto, a disability that substantially limits or limited one or more major life activities or because Plaintiff had a record of such an impairment or because Plaintiff was regarded as and/or perceived by Defendant and its agents as being disabled.
53. Plaintiff was qualified to perform the job.
54. Circumstances indicated that Plaintiff's disability was the reason for the adverse employment action.
55. The purported reason for Defendant's decision is pretextual.
56. Others similarly situated but outside of Plaintiff's protected class were treated more favorably.
57. The above actions by Defendant also constitute a failure to accommodate and a failure to engage in the required interactive process.
58. As a result of Defendant's unlawful disability discrimination, Plaintiff has suffered damages as set forth herein.

**WHEREFORE**, Plaintiff seeks the damages set forth in the Prayer for Relief clause of this Complaint, *infra.*

**COUNT II – DISABILITY DISCRIMINATION**
**PENNSYLVANIA HUMAN RELATIONS ACT**

59. Plaintiff incorporates the preceding paragraphs as if set forth more fully at length herein.

60. Plaintiff is a "qualified individual with a disability" as that term is defined under the PHRA because Plaintiff has, or had at all time relevant hereto, a disability that substantially limits or limited one or more major life activities or because Plaintiff had a record of such an impairment or because Plaintiff was regarded as and/or perceived by Defendant and its agents as being disabled.

61. Plaintiff was qualified to perform the job.

62. Circumstances indicated that Plaintiff's disability was the reason for the adverse employment action.

63. The purported reason for Defendant's decision is pretextual.

64. Others similarly situated but outside of Plaintiff's protected class were treated more favorably.

65. The above actions by Defendant also constitute a failure to accommodate and a failure to engage in the required interactive process.

66. As a result of Defendant's unlawful disability discrimination, Plaintiff has suffered damages as set forth herein.

**WHEREFORE**, Plaintiff seeks the damages set forth in the Prayer for Relief clause of this Complaint, *infra.*

**PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff, Charlene John, requests that the Court grant her the following relief against Defendant:

(a) Damages for past and future wage loss;

(b) Compensatory damages for other economic and non-economic harm including, *inter alia*, mental anguish and/or emotional distress;

(c) Punitive damages;

(d) Reasonable attorneys' fees;

(e) Recoverable costs;

(f) Pre and post judgment interest;

(g) An allowance to compensate for negative tax consequences of a lump sum award in a single tax year;

(h) Order Defendant to remove and expunge, or to cause to be removed and expunged, all negative, discriminatory, and/or defamatory memoranda and documentation from Plaintiff's record of employment, including, but not limited, the pre-textual reasons cited for its adverse actions, disciplines, and termination; and

(i) Awarding extraordinary, equitable and/or injunctive relief as permitted by law, equity and the federal statutory provisions sued hereunder, pursuant to Rules 64 and 65 of the Federal Rules of Civil Procedure.

## JURY TRIAL DEMAND

Demand is hereby made for a trial by jury as to all issues.

## CERTIFICATION

I hereby certify that to the best of my knowledge and belief the above matter in controversy is not the subject of any other action pending in any court or of a pending arbitration proceeding, nor at the present time is any other action or arbitration proceeding contemplated.

**RESPECTFULLY SUBMITTED,**

**KOLLER LAW, LLC**

Date: October 8, 2026 **By:** *__/s/ David M. Koller________*

David M. Koller, Esquire (90119)
Jordan D. Santo, Esquire (320573)
2043 Locust Street, Suite 1B
Philadelphia, PA 19103
215-545-8917
davidk@kollerlawfirm.com
jordans@kollerlawfirm.com

*Counsel for Plaintiff*